UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

------------------------------------------------------

DOMINIC JOYNER,

        Petitioner,

  vs.

UNITED STATES OF AMERICA,

        Respondent.

------------------------------------------------------

CASE NO. 1:01-CR-556

OPINION & ORDER
[Resolving Doc. 25]

JAMES S. GWIN, UNITED STATES DISTRICT JUDGE:

*Pro se* Petitioner Dominic Joyner moves to reduce his sentence.[1] Joyner requests that the Court remove the two-level enhancement under United States Sentencing Guideline § 2D1.1(b)(1) from his presentence report ("PSR") and other court documents.[2] Joyner reasons that this enhancement prevents him from taking advantage of a one-year sentence credit he would otherwise be entitled to under the prison's Residential Drug Abuse Program ("RDAP").[3] He also requests an evidentiary hearing.[4]

On December 12, 2001, Petitioner Joyner was charged with Possession of a Cocaine Based Substance with the Intent to Distribute in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(A); and charged with being a Felon in Possession of Firearms and Ammunition, in violation of 18 U.S.C. § 922(g)(1).[5]

---

[1] Doc. 25. The Government opposes. Doc. 26.
[2] Doc. 25 at 2-3.
[3] *Id*.
[4] *Id*. at 3.
[5] Doc. 1.

Case No. 1:01-CR-556
Gwin, J.

The prosecution dropped the second count.[6] Petitioner Joyner's plea agreement and PSR included a two-level increase under U.S.S.G. § 2D1.1(b)(1) for Joyner's firearms possession while engaged in crack cocaine trafficking.[7]

At issue is whether the Court has jurisdiction to reduce Petitioner Joyner's sentence. It does not.

In the sentencing context, "there is simply no such thing as a 'motion to reconsider' an otherwise final sentence."[8] A district court may only modify a defendant's sentence as authorized by statute.[9] Once a sentence "has been imposed," 18 U.S.C. § 3582(c) generally prohibits a district court from "modify[ing] a term of imprisonment."[10]

Congress grants district courts the authority to modify a final sentence only if it is: (1) upon motion by the Director of the Federal Bureau of Prisons; (2) on the court's own motion if the applicable sentencing guideline has been reduced; or (3) pursuant to Federal Rule of Criminal Procedure Rule 35.[11] A final sentence is only modifiable under Fed. R. Crim. P. 35 if: "(1) it has been vacated and remanded; (2) the government moves to reduce it; or (3) the district court acts within seven days of the original sentence."[12]

The Court lacks the jurisdiction to modify Joyner's sentence. The Bureau of Prisons has not moved to reduce Joyner's sentence. Nor has an applicable guideline been altered in a way that modifies Joyner's sentence. Joyner writes that "[u]nder the 'NEW LAWS', [sic] Joyner would have only received a 130 month sentence at bestwith [sic] all of the enhancement(s)."[13]

---

[6] Doc. 15.
[7] Doc. 14 at 4 (plea agreement); Presentence Report ¶ 19.
[8] *United States v. Dotz*, 455 F.3d 644, 648 (6th Cir. 2006).
[9] *United States v. Howard*, 644 F.3d 455, 457 (6th Cir. 2011).
[10] 18 U.S.C. § 3582(c).
[11] *United State v. Gevaras*, 961 F. Supp. 192, 195 (N.D. Ohio 1996) (citing 18 U.S.C. § 3582(c)).
[12] *Id.* (citing Fed. R. Crim. P. 35).
[13] Doc. 25 at 2.

Case No. 1:01-CR-556
Gwin, J.

Despite the fact that the Court construes Joyner's *pro se* pleading liberally,[14] the Court has no basis to determine which "new laws" Joyner references. Last, none of Fed. R. Crim. P. 35's requirements apply.

Furthermore, the Court properly applied the two-level enhancement under U.S.S.G. § 2D1.1(b)(1). After searching Defendant's residence, officers recovered "115 grams of crack cocaine, a Sturm Ruger, Model P-90, .45 caliber automatic pistol, serial number 66122239, a Dan Wesson, .22 caliber revolver, serial number 22B001129, and 160 rounds of various types of firearm ammunition."[15] Defendant does not deny these facts in his motion.

Accordingly, both a lack of jurisdiction and the merits keep this Court from erasing Petitioner Joyner's 2D1.1(b)(1) enhancement from the record.

For the reasons above, the Court **DENIES** Joyner's motion for a reduced sentence. Because Joyner's argument lacks merit, the Court also **DENIES** his request for an evidentiary hearing.

IT IS SO ORDERED.

Dated: June 16, 2017    *s/    James S. Gwin*
JAMES S. GWIN
UNITED STATES DISTRICT JUDGE

---

[14] *See, e.g.*, *Johnson v. CCA-Ne. Ohio Corr. Ctr. Warden*, 21 F. App'x 330, 332 (6th Cir. 2001) (noting the "liberal construction required for pro se pleadings").
[15] Doc. 14 at 6-7; Presentence Report ¶ 11.